**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 25 2012

JAMES N. HATTEN, Clerk
By: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| v. | NO. **1:12-CR-231** |
| ALEJANDRO MALDONADO, a/k/a Patino; | |
| EDUARDO RENTERIA-MALDONADO, a/k/a Quinni; | **UNDER SEAL** |
| JAY HERNANDEZ-SANTANA, a/k/a Borrego; | |
| JOSE LUIS CANO-PACHECO; | |
| ALY LOZANO, a/k/a Alejandro Yanez; | |
| DAVID GOMEZ, a/k/a Marcos; | |
| NICHOLAS JACKSON; | |
| DARREN DUNLAP; and | |
| JESUS URIEL CELIS-PINEDA, a/k/a Eustorgio Echeverria-Sanchez; | |

THE GRAND JURY CHARGES THAT:

### COUNT ONE

Beginning on a date unknown to the Grand Jury, but at least in or about January 2011, and continuing until on or about the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants:

ALEJANDRO MALDONADO, a/k/a Patino;
EDUARDO RENTERIA-MALDONADO, a/k/a Quinni;
JAY HERNANDEZ-SANTANA, a/k/a Borrego;
JOSE LUIS CANO-PACHECO;
ALY LOZANO, a/k/a Alejandro Yanez;
DAVID GOMEZ, a/k/a Marcos;
NICHOLAS JACKSON;
DARREN DUNLAP; and
JESUS URIEL CELIS-PINEDA, a/k/a Eustorgio Echeverria-Sanchez

did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other and other persons, known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally distribute and possess with the intent to distribute a controlled substance, said conspiracy involving: (1) at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and (2) at least fifty (50) kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841 (b)(1)(A) and 841(b)(1)(C).

## COUNT TWO

On or about May 16 and 17, 2011, in the Northern District of Georgia and elsewhere, the defendants:

> ALY LOZANO, a/k/a Alejandro Yanez;
> DAVID GOMEZ, a/k/a Marcos;
> NICHOLAS JACKSON;
> DARREN DUNLAP; and
> JESUS URIEL CELIS-PINEDA, a/k/a Eustorgio Echeverria-Sanchez

aided and abetted by others, known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute a controlled substance, said act involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT THREE**

On or about August 2, 2011, in the Northern District of Georgia and elsewhere, the defendants:

> ALEJANDRO MALDONADO, a/k/a Patino;
> JOSE LUIS CANO-PACHECO; and
> JAY HERNANDEZ-SANTANA, a/k/a Borrego

aided and abetted by others, known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute a controlled substance, said act involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT FOUR**

Beginning on a date unknown to the Grand Jury, but at least in or about January 2011, and continuing until on or about the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants:

> ALEJANDRO MALDONADO, a/k/a Patino;
> EDUARDO RENTERIA-MALDONADO, a/k/a Quinni;
> ALY LOZANO, a/k/a Alejandro Yanez;
> DAVID GOMEZ, a/k/a Marcos; and
> NICHOLAS JACKSON

did knowingly combine, conspire, confederate, agree and have a tacit understanding with persons known and unknown to the Grand Jury, to commit a violation of the law of the United States under Title 18, United States Code, Section 1956 as follows:

(a) to conduct and attempt to conduct a financial transaction in and affecting interstate and foreign commerce, where the transaction involved proceeds of specified unlawful activity, that is, proceeds generated from the sale and distribution of a controlled substance, knowing that the transaction was designed in whole and in part:

    1. to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and

    2. to avoid a transaction reporting requirement under Federal law,

and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction was proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (ii);

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE PROVISION

1. Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Three of this Indictment, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used,

4

or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, including, but not limited to, the following:

    (a)  MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable.

    2.  Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of the money laundering offense set forth in Count Four of this Indictment shall forfeit to the United States the following property:

    (a)  All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to

5

    facilitate the commission of those violations.

(b) MONEY JUDGMENT: A sum of money in United States currency equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

3. If, as a result of any act or omission of the defendants, any property subject to forfeiture:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants

//

//

up to the value of the forfeitable property or seek a money judgement against said defendants for any amount that would constitute the proceeds of such violation.

A  _____true_____  BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

L. SKYE DAVIS
Assistant United States Attorney
Georgia Bar No. 564709
600 U.S. Courthouse
75 Spring Street, SW
Atlanta, GA 30303
404.581.6000
404.581.6181 fax